# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>vs.<br><br>JUAN LEONEL GARCIA-JIMINEZ,<br><br>*Defendant.* | Case No. 22-10082-EFM |

## MEMORANDUM AND ORDER

This matter comes before the Court on pro se Defendant Juan Leonel Garcia-Jiminez's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 95).[1] He seeks a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines. For the reasons stated below, the Court dismisses Defendant's motion.

On September 13, 2023, Defendant waived indictment and pleaded guilty to one count in the Information, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On May 2, 2024, the Court sentenced Defendant to 121 months' imprisonment. On June 10, 2025, Defendant submitted this motion seeking a reduction in his sentence. The government opposes the motion.

---

[1] The Federal Public Defender's Office declined representation of Defendant in this matter.

-2-

Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may file his own motion for a sentence reduction provided certain factors are met.[2] Specifically, § 3582(c)(2) allows a court to reduce a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" and after considering § 3553(a) factors so long as the reduction "is consistent with applicable policy statements."[3]

Effective November 1, 2023, the Sentencing Commission amended the United States Sentencing Guidelines.[4] Part A of Amendment 821 limits the criminal history impact of "status points," and Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders."[5]

Although Defendant references Amendment 821, he provides no reason for a sentence reduction. After reviewing Defendant's Presentence Investigation Report, Defendant is not a zero-point offender because he has a criminal history score of seven. Furthermore, Defendant did not receive any "status points." Thus, he is not entitled to relief and ineligible for any sentence reduction.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 95) is **DISMISSED**.[6]

---

[2] 18 U.S.C. § 3582(c)(2).

[3] *Id.*

[4] *See* 88 Fed. Reg. 28,254, 2023 WL 3199918 (May 3, 2023).

[5] *See* https://www.ussc.gov/guidelines/amendment/821 (last visited July 24, 2025); *see also* U.S.S.G. § 4A1.1; § 4C1.1.

[6] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

**IT IS SO ORDERED**.

Dated this 25th day of July, 2025.

                                                ERIC F. MELGREN
                                                CHIEF UNITED STATES DISTRICT JUDGE