IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                Case No. 22-10082-EFM

JUAN LEONEL GARCIA-JIMENEZ,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on pro se Defendant Juan Leonel Garcia-Jimenez's Motion for Reconsideration (Doc. 100). He contends that the Court erred when it found him ineligible for a sentence reduction under Amendment 821 to the United States Sentencing Guidelines and dismissed his motion. The Government opposes Defendant's motion. For the reasons stated below, the Court denies Defendant's motion.

On September 13, 2023, Defendant waived indictment and pleaded guilty to one count in an Information, possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1). On May 2, 2024, the Court sentenced Defendant to 121 months' imprisonment. On June 10, 2025, Defendant filed a Motion to Reduce Sentence, requesting a sentence reduction under Amendment 821. The Court concluded that Defendant was not a zero-point offender, and he did not receive any status points. Thus, the Court dismissed Defendant's motion because he

was ineligible for a sentence reduction.[1] Defendant now asserts that the Court should reconsider its decision.

The Federal Rules of Criminal Procedure do not specifically provide for motions to reconsider; however, the Tenth Circuit allows them.[2] The same standards that govern civil motions for reconsideration govern motions to reconsider in the criminal context.[3] A motion for reconsideration allows the Court to correct clear errors of law or fact or to review newly discovered evidence.[4] Thus, the Court can alter its judgment "when the court has misapprehended the facts, a party's position, or the law."[5]

Here, Defendant does not identify nor provide any valid reason for the Court to reconsider its prior decision. Thus, the Court denies his motion.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Reconsideration (Doc. 100) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 24th day of September, 2025.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[1] *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014) (stating that a district court should dismiss for lack of jurisdiction if a defendant is ineligible for a sentence reduction under § 3582(c)(2)).

[2] *United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014).

[3] *Id.*

[4] *Id.*

[5] *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)).